PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAN WEI YU, | ) | |
| | ) | CASE NO. 4:12CV0507 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| NEOCC, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 2] |

*Pro se* Plaintiff Shan Wei Yu is a federal inmate incarcerated at Northeast Ohio Correctional Center ("NEOCC"), a prison owned and operated by Corrections Corporation of America ("CCA"). Plaintiff filed this *Bivens*[1] action against NEOCC, NEOCC Warden Michael Pugh, NEOCC Unit Manager Latosia Austin, NEOCC Case Manager Mr. McGowan, NEOCC Case Manager Ms. Fox, NEOCC Unit Counselor Andrew Sowers, NEOCC Disciplinary Hearing Officer James Conroy, Special Housing Unit ("SHU") Lieutenant Ms. Brophy Frazzini, and NEOCC Medical Chief Dana Hivner. In the Complaint (ECF No. 1), Plaintiff alleges he had been denied medical care. He seeks monetary and injunctive relief. Plaintiff has paid the full filing fee of $350.

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

(4:12CV0507)

## I. Background

Plaintiff has less than one year to serve on his federal sentence. ECF No. 1 at 6. He claims the Bureau of Prisons ("BOP") issued a single cell medical restriction for him because he has fecal incontinence. ECF No. 1 at 3. The resulting odor and frequent uses of the toilet during the day and night make him a target for other inmates. ECF No. 1 at 3. He contends that Ms. Austin is aware of his restriction but nevertheless continued to move inmates into his cell. ECF No. 1 at 4.

Plaintiff was attacked by two inmates in August 2011. ECF NO. 1 at 4. He reported the incident to a captain and indicated the stress of the situation was causing him to have suicidal thoughts. ECF No. 1 at 4. Plaintiff was placed under suicide watch in the medical department. Thereafter, he was transferred to the SHU and placed in protective custody for five days. ECF No. 1 at 4. Plaintiff was then told many new inmates were arriving the next day and they could no longer keep him in the SHU. ECF No. 1 at 4-5.

Plaintiff was attacked for a second time on October 21, 2011. He contends the inmate in the next cell complained that Plaintiff used the toilet too many times and the sounds of flushing interrupted his sleep. ECF No. 1 at 5. He states the other inmate punched him twice in the face. ECF No. 1 at 5. Plaintiff indicates that although he was the victim, he was charged with fighting because he is Taiwanese. ECF No. 1 at 5. He was found guilty of the charge at a Rules Infraction Board hearing and received a four month restriction of his commissary, visitation, and telephone privileges. Plaintiff also lost 27 days of good time credit and was sent to the SHU. ECF No. 1 at 5.

2

(4:12CV0507)

Plaintiff further alleges he has numerous ulcers in his colon. He indicates he has bed sores from not being permitted to shower every day. ECF No. 1 at 6. Plaintiff states he has glaucoma and does not receive medication for this condition in the dose he needs. ECF No. 1 at 7. He contends he requires eye surgery as soon as possible or he will go blind. ECF No. 1 at 7. Plaintiff claims he has been diagnosed with bipolar disorder, mania, schizophrenia, obsessive compulsive disorder, and depression ECF No. 1 at 7. He claims he is only given his medications once or twice a day. ECF No. 1 at 7. According to Plaintiff, NEOCC treated him inhumanely and deprived him of the right medical treatment. He contends he has been locked in the SHU for more than four months. ECF No. 1 at 8.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). Generally, where the filing fee has been paid by Plaintiff at the outset of the case, the district court may not *sua sponte* dismiss the

---

[2] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

3

(4:12CV0507)

complaint unless the court gives Plaintiff the opportunity to amend the complaint. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The district court, however, may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Id.* (*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). In light of the Supreme Court's decisions in *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001) and *Minneci v. Pollard*, 132 S.Ct. 617, 626 (2012), this Court lacks jurisdiction to consider Plaintiff's Eighth Amendment claims.

### III. Law and Analysis

Plaintiff asserts claims for relief under 42 U.S.C. § 1983 and 42 U.S.C. § 2000e, *et seq.* ("Title VII"). ECF No. 1 at 1. Title VII provides a cause of action for employment discrimination and is not applicable to the facts presented in the Complaint (ECF No. 1).

While Plaintiff indicates he is asserting claims under 42 U.S.C. § 1983, that statute also is not applicable in this case. To establish a prima facie case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Although Plaintiff does not specifically identify a constitutional right he believes to have been violated, his allegations of abuse, inhumane treatment and denial of proper medical care are liberally construed as claims under the Eighth Amendment. While he may assert a violation of a constitutional right, he does not allege facts to suggest Defendants acted under color of state law.

(4:12CV0507)

Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee. Plaintiff, however is a federal prisoner incarcerated in a private prison. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or . . . obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). Here, Defendants are not state officials, they are not acting on behalf of or obtaining significant aid from the State of Ohio, nor are they exercising a power that is reserved exclusively for the State of Ohio. Thus, Plaintiff cannot hold Defendants liable under § 1983.

*Bivens* provides a limited cause of action against individual federal government officers acting under color of federal law alleged to have acted unconstitutionally. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001). *Bivens*' purpose is to deter individual federal officers, not the agency, from committing constitutional violations. A *Bivens* action therefore cannot be brought against an entity such as the federal prison, the BOP, or the United States Government. *Id.*

CCA is a private corporation. To avoid imposing asymmetrical liability costs on private prison facilities, the Supreme Court declined to expand *Bivens* to provide this cause of action against a private prison corporation. *Id.* at 70-74 (pointing out that when a prisoner in a BOP facility alleges a constitutional deprivation, his only remedy lies against the offending individual

5

(4:12CV0507)

officer). Plaintiff therefore cannot bring *Bivens* claims against CCA or against NEOCC, the prison it operates.

The Supreme Court further declined to extend *Bivens* to the employees of a private prison under certain circumstances. *Minneci*, 132 S.Ct. at 626. "[A] federal prisoner seek[ing] damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law . . ., must seek a remedy under state tort law." *Id.* A *Bivens* remedy cannot be implied. The Eighth Amendment claims asserted by Plaintiff therefore cannot be brought against the individual defendants.

Plaintiff also appears to assert a claim for discrimination. It is possible that he is attempting to assert a claim under the Equal Protection Clause of the Fourteenth Amendment. While *Minneci* clearly bars Eighth Amendment claims against individual employees of a private prison, it remains unclear whether Fourteenth Amendment claims, such as those potentially asserted here by Plaintiff, are of the type which fall within the scope of traditional tort law. *Id.* ("[W]e can decide whether to imply a *Bivens* action in a case where an Eighth Amendment claim or state law differs significantly from those at issue here when and if such a case arises. The possibility of such a different future case does not provide sufficient grounds for reaching a different conclusion here."). Accordingly, the Court will consider Plaintiff's Equal Protection claim.

That claim as written, however, fails to state a claim upon which relief may be granted. It is stated almost entirely as a legal conclusion, which is not sufficient to state a claim upon which

6

(4:12CV0507)

relief may be granted. *Ashcroft v. Iqbal* , 556 U.S. 662, 678 (2009). In accordance with *Apple*, Plaintiff is therefore provided the opportunity to file an Amended Complaint within 30 days of the date of this Order to set forth a viable claim against Defendants. 183 F.3d at 479.

Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2), but did not include a certified copy of his prisoner account statement. He subsequently paid the full filing fee of $350. Therefore, the application is denied as moot.

### IV. Conclusion

Accordingly, Plaintiff's Eighth Amendment claims are dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. Plaintiff's remaining cause of action for denial of equal protection fails to state a claim upon which relief may be granted. Plaintiff is instructed to file a legally sufficient Amended Complaint within 30 days of the date of this Order. If Plaintiff fails to file an Amended Complaint that sets forth a cognizable claim for relief within the time permitted, this action will be dismissed. *Apple*, 183 F.3d at 479; *Catz v. Chalker*, 142 F.3d 279 (6th Cir. 1998); *Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983).

IT IS SO ORDERED.

| | |
|---|---|
| December 26, 2012 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |