PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAN WEI YU, | ) | |
| | ) | CASE NO. 4:12CV0507 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| NEOCC, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

*Pro se* Plaintiff Shan Wei Yu was a federal inmate incarcerated at Northeast Ohio Correctional Center ("NEOCC"),[1] a prison owned and operated by Corrections Corporation of America ("CCA"). Plaintiff filed this *Bivens*[2] action against NEOCC, NEOCC Warden Michael Pugh, NEOCC Unit Manager Latosia Austin, NEOCC Case Manager Mr. McGowan, NEOCC Case Manager Ms. Fox, NEOCC Unit Counselor Andrew Sowers, NEOCC Disciplinary Hearing

---

[1] According to the Federal Bureau of Prisons website (http://www.bop.gov/), Plaintiff is no longer an inmate at NEOCC. He was released on January 11, 2013.
    Plaintiff has failed to provide the court with his current address. It is the party, not the court, who bears the burden of apprising the court of any changes to his mailing address. *See Casimir v. Sunrise Fin., Inc.*, 299 Fed.Appx. 591, 593 (7th Cir. 2008) (affirming district court's denial of Rule 60(b) motion where movants claimed they did not receive mail informing them of court's entry of summary judgment due to house fire); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."); *Watsy v. Richards*, No. 86-856, 1987 WL 37151, at *1 (6th Cir. April 20, 1987) (affirming dismissal for failure to prosecute where appellant failed to provide district court with "current address necessary to enable communication with him").

[2] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

(4:12CV0507)

Officer James Conroy, Special Housing Unit ("SHU") Lieutenant Ms. Brophy Frazzini, and NEOCC Medical Chief Dana Hivner. In the Complaint (ECF No. 1), Plaintiff alleges he had been denied medical care. Plaintiff has paid the full filing fee of $350.

In light of the Supreme Court's decisions in *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001) and *Minneci v. Pollard*, 132 S.Ct. 617, 626 (2012), the Court previously held it lacks jurisdiction to consider Plaintiff's Eighth Amendment claims. *See* Memorandum of Opinion and Order (ECF No. 4), dated December 26, 2012.[3] The Court also concluded that Title VII, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1983 are not applicable to the facts presented in the case at bar. ECF No. 4 at 4-5. In addition, the Court held that Plaintiff cannot bring *Bivens* claims against CCA or NEOCC; and the Eighth Amendment claims cannot be brought against the individual defendants. ECF No. 4 at 6. The Eighth Amendment claims were dismissed. ECF No. 4 at 7.

The Court found that Plaintiff appears to assert a claim for discrimination under the Equal Protection Clause of the Fourteenth Amendment. Accordingly, the Court stated that it would consider the cause of action for denial of equal protection. That claim as written, however, fails to state a claim upon which relief may be granted. ECF No. 4 at 6. Generally, where the filing fee has been paid by Plaintiff at the outset of the case, the district court may not *sua sponte* dismiss the complaint unless the court gives Plaintiff the opportunity to amend the complaint. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

---

[3] On December 26, 2012, a copy of ECF No. 4 was mailed to Plaintiff at NEOCC. That mailing has not been returned, so it is fair to conclude that it was received by Plaintiff.

(4:12CV0507)

In accordance with *Apple*, Plaintiff was provided the opportunity to file on or before January 25, 2013 a legally sufficient Amended Complaint that sets forth a viable claim against Defendants for discrimination under the Equal Protection Clause of the Fourteenth Amendment. Plaintiff was given notice that if he failed to file an Amended Complaint that sets forth a cognizable claim for relief within the time permitted, this action would be dismissed. ECF No. 4 at 7.

Plaintiff has not responded to the Court's prior Order by filing an Amended Complaint, nor has he requested an enlargement of time to do so. Accordingly, this action is dismissed. *Apple*, 183 F.3d at 479; *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998) overruled on other grounds as stated in *Coles v. Granville*, 448 F.3d 853, 859 n.1 (6th Cir. 2006); *Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983).

    IT IS SO ORDERED.


| January 31, 2013 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |